THE STATE OF OHIO *v.* HELTON.

(No. 83-TR-D-4971)—Decided January 10, 1984.)

Montgomery County Court.

*Mr. Charles F. Geidner,* assistant county prosecutor, for plaintiff.
*Mr. Charles J. Simpson,* for defendant.

FROELICH, J. The defendant, Kenneth Helton, has entered a no contest plea to violating R.C. 4509.76 (driving under suspension) and requests that he be found not guilty on the plea. The facts stipulated show that in early September 1981, the defendant was convicted for the first and only time of violating R.C. 4511.19 (driving under the influence of alcohol) and that this offense did not cause injury to any person. Pursuant to R.C. 4509.31, the defendant's driver's license was suspended by the Bureau of Motor Vehicles for a period of three years effective the date of the September 1981 conviction. In September 1983, the defendant was stopped while operating his motor vehicle and was found not to have the necessary proof of financial responsibility. He was then charged with violating R.C. 4509.76.

R.C. 4509.76 provides in relevant part:

"No person whose license * * * has been suspended * * * under sections 4509.01 to 4509.78, inclusive, of the Revised Code shall, during such suspension or revocation, drive any motor vehicle upon any highway * * * except as permitted under such sections."

The defendant was charged with violating R.C. 4509.76 in that his license had been suspended pursuant to R.C. 4509.31. In September 1983 when the defendant was charged, R.C. 4509.31 read as follows in relevant part:

"(A) Whenever * * * a person has been convicted of * * * any of the crimes listed in section 4507.16 of the Revised Code, the registrar shall suspend the operator's or chauffeur's license * * * of the person and the registration of all motor vehicles registered in the name of the person as the owner, except that the registrar shall not suspend such license, permit, or privilege, and registration unless otherwise required by law in the event that the person has given or immediately gives and thereafter maintains, for a period of three years, proof of financial responsibility with respect to all the motor vehicles registered by the person as the owner.

"(B) Division (A) of this section does not apply to any person who is convicted of, or pleads guilty to, a violation of section 4511.19 of the Revised Code if the offender previously has not been convicted of a violation of section 4511.19 of the Revised Code and the offender did not cause serious physical harm to a person * * *."

Therefore, it is clear that in September 1983, when the defendant was charged, R.C. 4509.31 explicitly did not apply to any person, such as the defendant, who was convicted of R.C. 4511.19

if there was no prior conviction and no serious physical harm.

Statutory references aside, the defendant is charged with driving his car when his license had been suspended. There are all kinds of suspensions, but the suspension which the defendant is charged with violating is that imposed by R.C. 4509.31 — driving without proof of financial responsibility. However, in September 1983, when the defendant was charged, this section specifically did not apply to people in his position. There simply was no requirement in September 1983 for the defendant to have proof of financial responsibility.

The prosecutor has argued that at the time of the defendant's initial suspension in 1981, there was such a requirement, that the defendant received notice of such suspension, and that such suspension therefore remains in effect for three years. The prosecutor suggests that division (B) of R.C. 4509.31 must only be applied prospectively, that is, to individuals who have been convicted after March 16, 1983, the effective date of the amendment which added division (B). The court finds such statutory interpretation to defeat the intent of the legislature and to do violence to the clear language of this amendment.

The fact is that the court *is* applying this subdivision prospectively. The court does not find that the defendant did not need proof of financial responsibility from September 1981 through March 16, 1983; however, after March 16, 1983, the legislature unequivocally stated that the financial responsibility requirement for people convicted of the crimes listed in R.C. 4507.16 does not apply to first-time offenders of R.C. 4511.19.

In the alternative, the prosecutor argues that the defendant, in September 1983, cannot operate his motor vehicle unless he has complied with R.C. 4511.191, effective March 16, 1983, requiring a reinstatement fee and proof of financial responsibility. This argument finds the prosecutor hoisted on his own petard. That is, the prosecutor would have the court apply the reinstatement provisions of R.C. 4511.191 retrospectively in that they were not in existence in 1981 when the defendant was convicted.

The court takes judicial notice that R.C. 4509.01 *et seq.* have been substantially revised, effective January 1, 1984, to require, among other things, any individual charged with, let alone convicted of, violating R.C. 4511.19 to show proof of financial responsibility. However, even this legislation does not purport to require all individuals formerly convicted of violating R.C. 4511.19 to have proof of financial responsibility at this time because of that conviction. In amending R.C. 4509.31, the legislature stated as a matter of policy that individuals who are convicted of violating R.C. 4511.19 for the first time and who did not cause serious physical harm do not have to have proof of financial responsibility. Therefore, again, an individual who has previously been convicted does not require proof of financial responsibility after March 16, 1983.

In summary, based on the facts before the court, the court finds the defendant not guilty of violating R.C. 4509.76. More generally, the court finds that R.C. 4509.31(B) eliminates the necessity of having proof of financial responsibility, after March 16, 1983, for anyone whose "financial responsibility requirement" arises out of a first-time violation of R.C. 4511.19 that did not cause serious physical harm to a person.

*Defendant not guilty.*